

FILED
2020 Nov-06  PM 03:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **LAUREN CHAMBERS,** | ) | |
| | ) | |
| **Plaintiff**, | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. _____** |
| | ) | |
| **BBVA USA,** | ) | |
| | ) | |
| **Defendant**. | ) | |
| | ) | |

## NOTICE OF REMOVAL

Defendant BBVA USA ("BBVA") hereby gives notice of the removal of the action entitled *Lauren Chambers v. BBVA USA a/k/a BBVA Compass, et al.*, Case No. 01-CV-2020-903456.00 (the "State Court Action") from the Circuit Court of Jefferson County, Alabama to the United States District Court for the Northern District of Alabama, Southern Division. In support of removal, BBVA states as follows:

### INTRODUCTION AND PROCEDURAL HISTORY

1.    On October 6, 2020, Lauren Chambers filed her Complaint against BBVA in the Circuit Court of Jefferson County, Alabama (the "Circuit Court"). According to Chambers, the State Court Action "arises out of [BBVA's] violations of the Fair Credit Reporting Act (15 U.S.C. § 1681 *et seq.* [hereinafter 'FCRA')." *See* Exh. A, Complaint, ¶ 1.

2.      Chambers also alleges Alabama state law claims, including fraud, wantonness, invasion of privacy, and negligent and wanton hiring, training, and supervision, all of which stem from the same credit reporting activities forming the basis of her FCRA claim. *See* Exh. A, Complaint, ¶¶ 1, 2 (identifying credit reporting as operative fact underlying the State Court Action).

3.      Chambers' Summons and Complaint were served on BBVA on October 9, 2020.

4.      A copy of the Circuit Court's entire file to date, including a copy of all process, pleadings, and orders served upon BBVA, is attached hereto as **Exhibit A**, as required by 28 U.S.C. § 1446(a).

## BASIS FOR REMOVAL

**I.      This Court has original federal question jurisdiction over the Complaint's FCRA claims, making removal proper.**

5.      Any defendant in a state court action for which the district courts of the United States have original jurisdiction may remove such action to the district court of the United States for the district and division embracing the place where such action is pending. *See* 28 U.S.C. § 1441(a).

6.      "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §

1331. Specifically, Chambers asserts claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. *See* Exh. A, Complaint, ¶¶ 100–108.

7.      "Because federal law creates the right of action[,] . . . [Chambers'] claim, in 28 U.S.C. § 1331's words, plainly arises under the laws . . . of the United States." *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 377 (2012) (alterations omitted). As such, this Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

## II.  Because all of Chambers' claims arise from the same credit reporting activities, this Court has supplemental jurisdiction over all non-FCRA state law causes of action.

8.      To the extent this Court does not have original jurisdiction over Chambers' state law claims, this Court has supplemental jurisdiction over them because they are "so related to claims in the action within [this Court's] original jurisdiction that they form part of the same case or controversy." *See* 28 U.S.C. § 1367. Indeed, Chambers' state law claims against BBVA are premised on the same factual allegations that support Chambers' FCRA claim. *See* Exh. A, Complaint, ¶¶ 111, 119, 130, 141, 151, 160, 169, 181–82, 187–88, 193–94, 204 (alleging credit reporting activities as the factual predicate of each state law claim).

9.      Further, this Court must exercise supplemental jurisdiction over Chambers' state law claims because they raise no novel or complex issue of Alabama law, nor do they substantially predominate over Chambers' FCRA claim. 28 U.S.C.

§ 1367(c). To be sure, Chambers' state law claims (the ones recognized by Alabama law, at least) are based on well-established common law torts. Further, there are no exceptional circumstances or other compelling reasons for this Court to decline jurisdiction over this credit reporting action.

10.    In sum, all requirements for removal under 28 U.S.C. §§ 1441 and 1446 exist and are satisfied.

### REMOVAL PROCEDURE SATISFIED

**I.    Venue is proper before the Court.**

11.    The United States District Court for the Northern District of Alabama, Southern Division, is the proper forum for removal purposes because it is the federal judicial district embracing the Circuit Court of Jefferson County, Alabama, where the State Court Action was originally filed. 28 U.S.C. §§ 81(a)(3) and 1446(a).

**II.    BBVA removed timely.**

12.    BBVA was served with the Summons and Complaint on October 9, 2020. *See* Exh. A. at 56, 58, 59. BBVA filed this Notice of Removal within 30 days of receipt of Chambers' Complaint. Therefore, removal is timely pursuant to 28 U.S.C. §§ 1446(a) and 1446(b)(1).

**III.    BBVA has given contemporaneous notice in the State Court Action.**

13.    Contemporaneous with the filing of this Notice of Removal, BBVA filed a copy of this Notice of Removal, along with a Notice of Filing of Notice of

Removal with the Clerk of the Circuit Court of Jefferson County, Alabama and served same upon counsel for all adverse parties, pursuant to 28 U.S.C § 1446(d). Accordingly, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, this action is properly removed to this Court.

## IV.    BBVA reserves all rights and defenses.

14.    By filing this Notice, BBVA makes a special appearance for the sole purpose of removing the cause to this Court. BBVA does not waive any of its defenses, including, but not limited to, any defenses under Fed. R. Civ. P. 12.

15.    Prior to filing this Notice of Removal, BBVA did not answer or otherwise plead in response to the Complaint in the Circuit Court. Therefore, BBVA will answer or present other defenses and objections in accordance with Fed. R. Civ. P. 81(c)(2).

### CONCLUSION AND REQUESTED RELIEF

Based on the foregoing, BBVA respectfully requests this Court to proceed with this matter as if it had been originally filed in this Court.

Respectfully submitted this the 6th day of November, 2020.


/s/ *Jonathan P. Hoffmann*
One of the attorneys for BBVA USA

**<u>OF COUNSEL</u>:**
L. Conrad Anderson IV
Jonathan P. Hoffmann
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 226-8750
Facsimile:  (205) 488-5746
E-mail: jhoffmann@balch.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of November, 2020, a true and correct copy of the above and foregoing was filed via the CM/ECF System, and that a copy of the foregoing has been served upon the following by placing a copy of same in the United States Mail, properly addressed and postage prepaid, on this the 6th day of July, 2020.

John G. Watts
M. Stan Herring
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, AL 35203
john@wattsherring.com
stan@wattsherring.com

*Attorneys for the Plaintiff*

*/s/ Jonathan P. Hoffmann*
Of Counsel